WACHOVIA BANK AND TRUST COMPANY, AS TRUSTEE UNDER THE WILL OF GWYN EDWARDS, DECEASED, AND ANNIE MAY DUNCAN, WHO WAS WIDOW OF GWYN EDWARDS, DECEASED, v. WILLIAM EDWARDS, MARK EDWARDS, GWENDOLYN EDWARDS, GARRETT EDWARDS AND GWYN EDWARDS, JR., MINORS, BY THEIR GUARDIAN AD LITEM, LEICESTER CHAPMAN, AND OTHERS NOT IN BEING WHO MAY HEREAFTER TAKE INTERESTS UNDER THE WILL OF GWYN EDWARDS, DECEASED.

(Filed 26 January, 1927.)

**1. Wills—Trusts—Executors and Administrators—Courts—Actions.**

Where trusts are imposed by will upon an executor and involve the construction of certain portions of a will, the executor may apply to the courts in their equitable jurisdiction for advice in the proper administration of the trusts.

**2. Wills—Intent—Interpretation.**

The entire will in its related parts will be construed as a whole to effectuate the testator's intention in the disposition of his property.

**3. Same—Trusts—Powers of Sale—"Home Place"—Unimproved Nonincome Yielding Lots—Deeds and Conveyances.**

Where a will expressly confers upon the executor and trustee therein named the right to sell the assets of the estate, reinvest the proceeds, etc., and expressly excludes from this power "income-yielding real estate": *Held,* the words excluding such real estate will not apply to nonincome producing lands such as a devise to the widow of the home place on which there are one or more unproductive lots, and the executor and the widow may sell the vacant lots and convey a good title.

APPEAL from *Lane, J.,* and a jury, at October Term, 1926, of BUNCOMBE. No error.

"The plaintiff, Wachovia Bank and Trust Company, seeks the advice and instruction of the court upon the following matters, to wit: Is said Wachovia Bank and Trust Company, trustee, authorized and empowered by the terms and provisions of the will of Gwyn Edwards, deceased, to sell and convey in fee simple the remainder interest after the life estate of Annie May Duncan, widow of Gwyn Edwards and devisees of the life estate under said will, in and to the real estate, or any part thereof, located at the intersection of Haywood Road and Louisiana Avenue, in the city of Asheville, Buncombe County, North Carolina, and known as the Gwyn Edwards home place? The complaint alleges that offers have been received for portions of said property which represent the reasonable and fair value thereof; that said property comprises about two acres of land, which is unimproved except for the residence of the testator, which is located on Louisiana Avenue at a distance of 105 feet or more from Haywood Road, so that the Haywood Road frontage to a depth of 105 feet is vacant property; that said property is located in a business section, and is quite valuable as a business property; that it would be for the best interest of the estate to sell the same and invest the proceeds, and that the prospective purchasers aforesaid have refused to accept deeds upon the ground that said property is income-producing real estate, and that the said Wachovia Bank and Trust Company, trustee, is not authorized and empowered under the terms of the will of Gwyn Edwards to sell income-producing real estate, but is expressly directed not to sell real estate of such description. The defendants are all the children of the testator and the plaintiff, Annie May Duncan, and defendants are all of the beneficiaries under said will."

It is admitted in the pleadings: "That said testator, at the time of his death, was the sole owner of that piece of real estate in the city of Asheville located at the corner of Haywood Road and Louisiana Avenue, consisting of about two acres, with a frontage on Haywood Road of 227 feet and a frontage on Louisiana Avenue of 388 feet; that there was prior to and at the time of the death of said testator, and there is now on said land, only the residence known as 18 Louisiana Avenue, and which fronts on said avenue, and which was used and occupied as the home of the testator and his family, and after testator's death was the home of his widow and children until the spring of 1923; that the part of said land lying between said residence and Haywood Road is vacant and unimproved and used only as a pasture in connection with said home."

On the trial the issues submitted to the jury and their answers thereto were as follows:

"1. Is the price for the property fronting on Haywood Street described in the complaint, to wit, $400 per front foot, fair and adequate price? Answer: Yes.

"2. Is the party making the offer able and willing to comply with his said offer and to perform the same? Answer: Yes."

There was ample evidence introduced on the hearing to warrant the answers to the above issues.

The terms of the will bearing on the controversy are Item 2, Item 3, subsections (i) and (j), and Item 4, which are as follows:

"Second. I devise and bequeath to my beloved wife, Annie May Edwards (now Duncan) the home I now occupy, known as No. 18 Louisiana Avenue, corner Haywood Road, consisting of about two acres, and all my household and kitchen furniture, and all personal effects in and around the home excepting moneys, bonds, notes and other securities, for her sole use and benefit for her natural life, and at her death said property is to go to my children, share and share alike, as provided for in the third item hereof. My said wife is to pay insurance, taxes, upkeep and repairs on said property out of her part of my estate and out of the moneys paid her of the net income from each child's part, as provided for in item third, subsection (c).

"Third. (i) I direct my trustee to sell and convert into cash all the real estate owned by me at my death jointly with W. E. Shuford or John Cole or any other person or persons, and invest the proceeds in good interest-bearing securities, such securities as are authorized by law for guardians and trustees, etc.

"(j) As a large part of my estate now consists of income-yielding real estate, and as it is my opinion that it will increase in value from year to year, it is my wish and I hereby direct that such real estate, excepting the real estate held jointly with others mentioned in subsection (i) be not sold, but be held by my trustee and turned over to my children, as, and when, hereinbefore directed.

"Fourth. I nominate, constitute and appoint the Wachovia Bank and Trust Company to be my executor of this my last will and testament, and full power and authority is hereby given the said executor to sell any real or personal property at public or private sale as may seem best and to make title to the same; to change or alter any investments of the estate or the trusts herein created, if the interests of the estate or the trust funds appear to be benefited thereby, special care being taken in all cases to avoid speculation and to insure safe and profitable investments, due regard being given by my trustee to the special instructions not to sell certain real estate and to limitations as to the class of investments in subsections (i) and (j) of item third. It is further my desire and I direct that the said Trust Company shall keep a clear, concise and separate record of all the transactions of the estate and the trusts herein created, which records shall at all times be subject to the free inspection of the heirs under this will or the beneficiaries under the

trusts above named, and the Trust Company shall receive as compensation the usual commissions allowed by law."

The widow, Annie May Duncan, joins the bank for the sale of the property.

From judgment in favor of plaintiffs, defendants assign error and appeal to the Supreme Court.

*Bourne, Parker & Jones for plaintiffs.*
*Carter, Shuford and Hartshorn for defendants.*

CLARKSON, J. In the construction of the will of Gwyn Edwards, plaintiff Wachovia Bank and Trust Company seeks the advice and instruction of the court. Under the facts of the case, we think it had this right.

"*Ashe, J.,* in *Allsbrook v. Reid,* 89 N. C., p. 153, says: 'The former courts of equity entertained, and our Superior Courts still entertain applications for advice and instructions from executors and other trustees, as to the discharge of trusts confided to them, and incidentally thereto, the construction and legal effect of the instrument by which they are created. But the courts of equity never exercised this advisory jurisdiction when the estate devised is a legal one, and the question as to construction is purely legal. The jurisdiction is incident to that over trusts. Where there is no trust or trustee to be directed, the court of equity never takes jurisdiction.' *Bank v. Alexander,* 188 N. C., 670." *Ernul v. Ernul,* 191 N. C., at p. 349. See *Balsley v. Balsley,* 116 N. C., p. 472.

The sole question involved in the controversy is the meaning of "income-yielding real estate," as used in subsection (j) of the will of Gwyn Edwards.

The clause of the will which has given rise to this question is set forth above. The property in controversy is his "home place."

In construing a will, the intention of the testator must be ascertained from the instrument as a whole. 10 S. E. Digest (N. C. Ed.), at p. 13232, sec. 470, citing many North Carolina cases.

Full power and authority is expressly given to the trustee bank to sell and convert into cash the real estate owned jointly with others. The clear language of (j) is that he did not want his "income-yielding real estate" sold for the reason that in his opinion it would increase in value. He mentions the fact that a *large part* of his estate *now consists of income-yielding real estate,* recognizing that a part is not. The *large part*—the income-yielding—cannot be sold, the other can.

In *Corse et al. v. Chapman et al.,* 47 N. E. Reporter (N. Y.), at p. 814, it is said: "The appellants further urge as to the property No. 80 Jane Street, in the city of New York, that there was an unlawful sus-

pension of the power of alienation by reason of the life estate given the testator's widow therein. This life estate had nothing to do with the trusts created by the will, and was alienable at any time by the widow. *Bailey v. Bailey,* 97 N. Y., 470. . . . It is true that, while the testator gave an express power to sell his unimproved and unproductive real estate, he failed to provide in terms for a power to sell his productive real estate. It being essential to carry out the specific directions of the testator to divide his real estate into eight equal parts, it may well be that this duty, imposed upon the executors as trustees, carries with it the implied power to sell. We are of opinion that this is a proper construction of the will when read as a whole."

In *Foil v. Newsome,* 138 N. C., at p. 123, it was said: "We are also of the opinion that the trustee has by implication the power to sell the land for the purpose of converting it into an income-producing property. The usual rule adopted by the courts is to find in language imposing upon an executor or trustee the duty of disposing of a mixed fund or property, an implied power to sell real estate to the end that he may discharge such duty," citing cases. *Powell v. Wood,* 149 N. C., p. 235.

It appears from the admission in the pleadings and the evidence that the land in controversy has never produced any income. As we construe the will, the trustee bank is given full power and authority by clear implication, to sell the nonincome-yielding real estate.

We think the land, the "home place," can be sold under the language of the will, and in the judgment of the court below we can find

No error.