J. LEAK SPENCER, JR., LAURA SPENCER McCLENEGHAN AND HUSBAND, F. A. McCLENEGHAN, AND OLIVE SHULL SPENCER v. LAURA DWELLE McCLENEGHAN AND COMMERCIAL NATIONAL BANK OF CHARLOTTE, N. C., EXECUTOR AND TRUSTEE UNDER THE WILL OF J. LEAK SPENCER, DECEASED.

(Filed 27 April, 1932.)

1. **Trusts E b—Trustee may apply to court for direction in executing trust.**

  Where a trustee under a will is in doubt as to the proper method of managing the trust estate, and the question is of present or imminent urgency, he may apply to the courts for aid and direction in the execution of the trust.

2. **Parties B a—Persons not in esse held properly represented and judgment was binding as to all interests.**

Where under the terms of a will the testator's wife and children are made the beneficiaries of a trust estate with limitation over to the children when the youngest shall attain the age of forty, or, if not living at the date specified, to their issue, and in a suit regarding the management of the trust estate the trustee and the testator's wife and children are parties and the one living grandchild is made a party defendant and is represented by a guardian *ad litem*, who also represents as a class the other grandchildren not *in esse: Held*, all parties having an interest in the estate are properly represented, and the judgment of the court is binding as to all interests. C. S., 1744.

3. **Wills E b—Judgment directing trustee to accept contract tendered by principal beneficiary is affirmed under facts of this case.**

Where a will creates a trust for the benefit of the testator's wife and directs that the trustee shall pay her during her life a certain sum per month out of the rents and profits, or if the rents and profits are insufficient therefor that he sell so much of the estate as is necessary to make such monthly payments, and directs that after her death the rents and profits be paid to his children equally until the youngest shall attain the age of forty, and then the estate to be equally divided between them, or if not living at that time, to their issue, and the rents and profits are not sufficient for the monthly payments, and in a suit thereunder all persons interested in the estate are made parties, and the contingent remaindermen not *in esse* are properly represented by a guardian *ad litem: Held*, the court has jurisdiction to pass upon the question of the acceptance by the trustee of a contract tendered by the widow in which she agrees to accept a monthly payment in a sum less than that stipulated in the will upon the payment of a certain sum in cash, and its judgment directing the trustee to accept the contract to preserve the corpus of the estate for the administration of the trust is affirmed on appeal.

Appeal by defendants from *Cowper, Special Judge,* at December Special Term, 1931, of Mecklenburg. Affirmed.

The judgment of the court below is as follows:

"This cause coming on to be heard at the December, 1931, Special Term of Mecklenburg Superior Court, before his Honor, G. V. Cowper, judge, and being heard upon the petition and the answer of the guardian *ad litem* of the infant respondent, Laura Dwelle McCleneghan, and the unborn children of Laura Spencer McCleneghan and J. Leak Spencer, Junior, and the answer of the Commercial National Bank of Charlotte, N. C., executor and trustee under the will of J. Leak Spencer, and upon the evidence introduced before the court in the cause, the following facts are found by the court:

(1) That J. Leak Spencer, late of the county of Mecklenburg, State of North Carolina, died on 4 July, 1930, leaving a last will and testament which has been duly admitted to probate in the Superior Court

of Mecklenburg County, which last will and testament names the Commercial National Bank of Charlotte, N. C., as executor and trustee, and the said Commercial National Bank of Charlotte, N. C., has duly qualified and is now acting executor and trustee under said will.

(2) That Olive Shull Spencer is the widow of J. Leak Spencer, deceased, and J. Leak Spencer, Jr., and Laura Spencer McCleneghan are the only children of said J. Leak Spencer, deceased.

(3) That the respondent Laura Dwelle McCleneghan is the only child now living of the petitioner, Laura Spencer McCleneghan, she being a minor of the age of five years, and that J. Leak Spencer, Jr., has no children at this time.

(4) That under the will of J. Leak Spencer, deceased, the entire estate of said J. Leak Spencer, deceased, was left to the said Commercial National Bank of Charlotte, N. C., executor and trustee, in trust, with the direction to said executor and trustee to pay over to Olive Shull Spencer, wife of J. Leak Spencer, deceased, during her life time, all of the income of said estate as received, with the proviso that in case said income, in any year be less than $500 per month the executor and trustee should sell such of the principal of the estate as might be necessary in order to pay said Olive Shull Spencer, in quarterly payments, sufficient amounts to bring her total receipts to $500 per month, with further direction to said executor and trustee, upon the death of said Olive Shull Spencer, to pay over to the children of said J. Leak Spencer, deceased, share and share alike, the income from said estate, as the same should be received, until the youngest of said children shall have reached the age of forty years, at which time said executor and trustee is directed to turn over to them, share and share alike, the corpus of said estate, with an additional proviso that should any of said children die leaving issue before the time specified under the will for a division of said estate, such issue shall represent the deceased child, both in receipt of the income and in the division of the corpus of the estate, as provided for in said will.

(5) That the said Laura Spencer McCleneghan may have other child or children hereafter born to her, and also the said J. Leak Spencer, Jr., may also hereafter have a child or children born to him who might be entitled to participate in the income or final division of the corpus of said estate.

(6) That the estate of J. Leak Spencer, deceased, consists principally of real estate in the city of Charlotte, and in stocks in industrial enterprises and corporations located in the city of Charlotte and in the county of Mecklenburg.

(7) That the value of said estate is approximately one hundred thirty thousand dollars.

(8) That the net income from said estate, since the death of said J. Leak Spencer, less the costs and expenses of collection, administration, taxes, etc., has been at the rate of $4,556.94 per year, which sum is insufficient to pay to the said Olive Shull Spencer the sum of $500 per month, as provided in said last will and testament, and it is not probable that the net income from said estate will at any time in the near future, if ever, be as much as six thousand dollars per year, or an amount sufficient to pay the said Olive Shull Spencer the sum of $500 per month, as provided in said will, and if the said sum of $500 per month should be paid to said Olive Shull Spencer, as provided in said will, it will be necessary from time to time to invade and sell a portion of the capital or corpus of said estate in order to make up for the deficiency in said income.

(9) That due to the nature of the assets belonging to said estate and to the financial conditions existing, a sale of any of the capital assets or corpus of said estate could not be made at a fair and reasonable value and if such sale should be required or made it would have to be at great sacrifices and loss to the estate.

(10) That the said Olive Shull Spencer, widow, is forty-five years of age, and under the mortuary tables set forth in section 1790 of the Consolidated Statutes of North Carolina, she has a reasonable expectancy of 24.5 years; that the said Olive Shull Spencer is in apparent good health and from her appearance, and from the evidence as to her physical condition, it is reasonable to suppose that she will live out said expectancy; that if she should live out said expectancy it would be necessary, in order for the executor and trustee to pay her the sum sufficient to make her income amount to $500 per month, as provided by said last will and testament, that the capital assets and corpus of said estate be invaded and sold to a large extent and that the capital assets and corpus of said estate would be thereby reduced in an amount not less than thirty thousand dollars.

(11) That the income from said estate, since the death of J. Leak Spencer, has been $7,956.95, of which sum $2,564.64 has been paid to Olive Shull Spencer and $5,392.30 is still held and retained by the said executor and trustee, all of which sum, less expenses and taxes in the approximate sum of one thousand two hundred dollars ($1,200), would be payable under the terms of said will to Olive Shull Spencer, and that the payment of said sum would leave a deficiency at the present time in the amount due her under the terms of said will, which would have to be realized from the corpus of said estate in the sum of $2,243.05.

(12) That the said Olive Shull Spencer has proposed and agreed that if she be paid the sum of fifteen thousand dollars ($15,000) in cash

at this time out of the accrued income and capital assets of said estate, and if the petitioner J. Leak Spencer, Jr., shall also be paid at this time the sum of two thousand dollars ($2,000), and if the said Laura Spencer McCleneghan shall have canceled and delivered to her at this time a certain deed of trust and note secured thereby in the sum of $4,500 with all accrued interest executed by said Laura Spencer Mc-Cleneghan and her husband, F. A. McCleneghan, and now held by said executor and trustee as a part of said estate, and if certain personal jewelry, consisting of a watch, a diamond stick pin, and a set of diamond cuff links, now held by said executor and trustee, be divided and delivered as follows, namely: The said watch to Olive Shull Spencer, the diamond stick pin to Laura Spencer McCleneghan, and the diamond cuff links to J. Leak Spencer, Jr., she will thereupon waive her right to have the corpus of said estate further invaded or sold in order to supplement any income which may be derived from said estate, and that she further agrees that she will thereafter, of the net income to be derived from said estate, less costs of collection, administration charges and taxes, accept three-fifths thereof, and the other two-fifths of said net income to be paid to Laura Spencer McCleneghan and J. Leak Spencer, Jr., or their legal representatives, or in case of their death, to the ultimate beneficiaries under said will, provided, however, if said three-fifths of the net income shall be insufficient to pay to the said Olive Shull Spencer $325 per month, the said Olive Shull Spencer shall nevertheless receive, as a minimum income, the said sum of $325 per month, the deficiency to be made up out of the other two fifths of said income, which said two-fifths thereof shall be reduced accordingly, but if thereafter the income from said estate shall be sufficient that three-fifths thereof shall amount to more than $325 per month, the said Olive Shull Spencer shall nevertheless receive only $325 per month until such time as the amount theretofore deducted from the two-fifths in order to make up the deficiency of her minimum income of $325 per month has been repaid to said Laura Spencer McCleneghan and J. Leak Spencer, Jr., or their legal representatives, or in case of their death to the ultimate beneficiaries, under said will, all of which will more fully appear from the contract entered into between Olive Shull Spencer and J. Leak Spencer, Jr., and Laura Spencer McCleneghan, copy of which is attached to the petition herein as Exhibit 'B.'

(13) That the jewelry referred to in the foregoing finding of fact, consisting of a watch, a diamond stick pin, and a set of diamond cuff links, are of little intrinsic value and a sale thereof by the executor would not materially increase the funds of said estate.

(14) That the said Olive Shull Spencer purchased from the executor and trustee certain furniture and personal property at an agreed price

of $400, which purchase price has not been paid; that the executor and trustee sold an automobile for $700 as the property of the estate of J. Leak Spencer, deceased, which said automobile the petitioner, Olive Shull Spencer, claims and contends was her own individual property and that she is entitled to recover and receive from said executor and trustee the amount realized from the sale thereof; that the said Olive Shull Spencer further agrees that if the debt due by her to the estate on account of the purchase price of said furniture be canceled and remitted, that she will remit and forego any claim or right which she may have to recover of said executor and trustee the $700 realized from the sale of said automobile.

(15) That a settlement of the controversy between the said Olive Shull Spencer and the Commercial National Bank of Charlotte, N. C., executor and trustee, upon the question of who is entitled to have the proceeds of the sale of said automobile would entail expense and loss to said estate, even if the estate should be declared the proper owner of said proceeds, in at least the amount of the indebtedness of said Olive Shull Spencer to said estate on account of the purchase price of said furniture.

And upon said facts, the court is of the opinion and finds as a fact in this cause, that it is for the best interest of the estate of J. Leak Spencer, deceased, and is in the interest of the estate of the minor child, Laura Dwelle McCleneghan, and any other child or children that may hereafter be born to Laura Spencer McCleneghan, and of any child or children that may hereafter be born to J. Leak Spencer, Jr., and also in the interest of all parties other than the said Olive Shull Spencer, who may now or hereafter be interested in said estate, or in the distribution of the income of the corpus thereof, that the proposition submitted by said Olive Shull Spencer and the terms and provisions of said contract, Exhibit 'B,' be accepted, ratified and approved, and carried into effect.

The court further finds as a fact that the parties to this proceeding are all properly before the court, the Commercial National Bank of Charlotte, N. C., executor and trustee, having filed answer and being represented in court by counsel, and the minor defendant, Laura Dwelle McCleneghan, having been duly served with process in accordance with the provisions of the statute as shown by the return of the sheriff of Mecklenburg County on said process, and H. E. Kiser having been duly appointed by the court as guardian *ad litem* to represent said Laura Dwelle McCleneghan, minor, and also to represent any other child or children that may be hereafter born to said Laura Spencer McCleneghan, and any child or children that may hereafter be born to J. Leak Spencer,

Jr., and who might, under the terms of said will be or become interested in the distribution of the income or corpus of said estate, and the said H. E. Kiser, guardian *ad litem* as aforesaid, having duly filed his answer in the cause representing said interest; it is now

Considered, ordered, adjudged and decreed by the court that the proposal of said Olive Shull Spencer and the said contract, Exhibit 'B,' be approved, ratified, and confirmed, and that the Commercial National Bank of Charlotte, N. C., executor and trustee, be authorized, empowered, and directed to pay over to the said Olive Shull Spencer, out of the corpus and accrued income of said estate in its hands, the said sum of fifteen thousand dollars ($15,000), and to pay over to said J. Leak Spencer, Jr., out of the corpus and accrued income of said estate, said sum of two thousand dollars ($2,000), and to cancel and deliver to said Laura Spencer McCleneghan the deed of trust and notes or bonds secured thereby in the sum of forty-five hundred dollars ($4,500) with all accrued interest, executed by said Laura Spencer McCleneghan and her husband, F. S. McCleneghan, and now held by said estate, and also to deliver to Olive Shull Spencer the watch belonging to said estate, and to Laura Spencer McCleneghan the diamond stick pin belonging to the estate, and to J. Leak Spencer, Jr., the diamond cuff links belonging to the estate, and also to cancel the indebtedness against Olive Shull Spencer on account of the purchase price of the furniture purchased by her from said estate, all of the same to be in lieu of any unpaid portion of the income of this estate up to 15 December, 1931, and in consideration of the abandonment and waiver by her of any claim to any part of the $700 received from sale of said automobile and of her right at any time hereafter to cause any part of the corpus of said estate to be invaded or sold in order to pay her any income or annuity, and thereafter to make distribution of the net income of said estate received from and after 15 December, 1931, in accordance with the terms of the proposal of said Olive Shull Spencer and of the said contract as set forth in finding of fact No. 12 of this judgment, and to carry out the terms and provisions of said will except as modified by this judgment.

It is further adjudged that the defendant, Commercial National Bank of Charlotte, N. C., executor and trustee, pay the costs of this action to be taxed by the clerk of this court. This 15 December, 1931.

G. V. COWPER, *Judge Presiding.*"

To the foregoing judgment the defendant Commercial National Bank of Charlotte, N. C., executor and trustee, under the will of J. Leak Spencer, deceased, excepts, assigns error and appeals to the Supreme Court.

*T. C. Guthrie, Plummer Stewart and W. C. Davis for J. Leak Spencer, Jr., and Laura Spencer McCleneghan.*
*N. A. Townsend for Olive Shull Spencer.*
*John M. Robinson and Hunter M. Jones for appellants.*

CLARKSON, J. The questions involved: Did the court have jurisdiction of the action and of the parties and subject-matter of the action? Did the court have jurisdiction and power to ratify and confirm the contract entered into by the petitioners, and to render the judgment appealed from? Does said judgment bind unborn contingent remaindermen and all persons having a vested or contingent interest, or having a possibility of interest under the will or in the estate of J. Leak Spencer, deceased? All the questions above set forth involved in this appeal must be answered in the affirmative.

In Lawrence on Equity Jurisprudence (1929), Vol. 1, part sec. 495, p. 569-70-71, the law is stated as follows: "A trustee finding himself embarrassed by uncertainty as to his duties or rights may under proper conditions apply to a court of equity for instructions and advice. Nothing is more common, and nothing is better settled, than the right, and in a proper case, the duty of a trustee to invoke the direction and aid of a court of equity in the execution of the trust. The power is exercised with great caution, as it may involve passing upon substantial rights of persons not within the jurisdiction. The question upon which advice is sought must be one of present, or at least imminent urgency. The relief is usually upon principles of *quia timet,* or interpleader, and involves a showing of conflicting claims or the probability thereof without any other satisfactory means of determining them in such manner as to protect the trustee. 'Moot' questions are not proper for submission. Trustees should not therefore be advised as to the management of funds which have not come into their hands, nor as to the proper method of exercising a discretion invested solely in them, nor in cases where the advice may be of no use, as where the instrument whose construction is sought is being contested for alleged invalidity, nor where the trust has terminated, nor to settle conflicting rights of beneficiaries on the termination of the trust. The trustee must be honestly in doubt as to his course of action."

The author, *supra,* cites as an authority *Bank v. Alexander,* 188 N. C., 667. In that case it is held, at p. 667 (headnote): "Our courts, in the exercise of their equitable power, have supervisory jurisdiction in the administration of trust estates, and the trustee, in cases of doubt arising in the course of his administration of the trusts imposed by the instrument, may resort to them for instruction. Where a will provides for

an income, to the widow, and, among other things, for contingent interests to ulterior takers, minors, some of whom are not *in esse* appointing a trustee with power to carry out the provisions of the will, and all those who are to take upon contingency are not only represented by the trustee, but by class representation, and a guardian has been appointed and is acting for all minor interests, both *in esse* and otherwise: *Held,* the courts have jurisdiction to pass upon the question as to whether a contract made between the widow and another principal beneficiary, making her an increased allowance in consideration that she will not dissent from the will, will be in the best interest of all parties; and its action confirming the contract and preserving the corpus of the estate for the administration of the trust imposed will not be disturbed on appeal." *Ernul v. Ernul,* 191 N. C., 347; *Bank v. Edwards,* 193 N. C., 118; *Waddell v. Cigar Stores,* 195 N. C., 434; *Trust Co. v. Stevenson,* 196 N. C., 29; *Mountain Park Institute v. Lovill,* 198 N. C., 642; *Finley v. Finley,* 201 N. C., 1.

In *Williams v. Williams,* 68 N. E., 449, 204 Ill., 44, that Court said, at pp. 50-51: "The first question relates to the power of a court of chancery to authorize the settlement of a suit brought by a minor to set aside a will upon terms which, in the opinion of the court, are advantageous to the minor. . . . It is well settled that courts of chancery exercise a superintendence over infants and their property as a branch of their general jurisdiction. The protection of the rights of infants is one of the duties of courts of equity and those courts from the earliest period have been vested with a broad and comprehensive jurisdiction over the persons and property of infants. . . . (At p. 52.) It would seem to be reasonable that, upon a bill filed by an infant to contest a will, a court of chancery should have the power to compromise and settle the issues, and by its decree sustain the will, and establish peace between the parties. It cannot be that such a litigation must continue, probably to the disruption of the family, and perhaps to the bankruptcy of the estate, because some of the parties are not *sui juris.*" *Johns et al. v. Montgomery,* 106 N. E., 497, 265 Ill., 21. *Bennett's Guardian v. Cary's Executor,* 276 S. W., 818 (1925), 210 Ky., 725.

In *Springs v. Scott,* 132 N. C., at p. 564, it is held: "With regard to the act of 1903 (see N. C. Code, Anno., Michie, sec. 1744, and cases cited), the court has the power to order the sale of real estate limited to a tenant for life with remainder to children or issue, upon failure thereof, over to persons, all or some of whom are not *in esse,* when one of the class being first in remainder after the expiration of the life estate *in esse* and a party to the proceeding to represent the class, and that upon decree passed, and sale and title made pursuant thereto, the

purchaser acquires a perfect title as against all persons *in esse* or *in posse.*" *Trust Co. v. Nicholson,* 162 N. C., 257.

In *Waddell v. Cigar Stores, supra,* at p. 438, we find: "In *Ex Parte Dodd,* 62 N. C., 98, this Court held that if land be devised to a person for life with remainder in fee to his children a sale of the land cannot be ordered before the birth of a child, because there is no one *in esse* to represent its interest; but if there be a living child in whom the fee can vest a sale may be ordered, though all the children of their class may not yet have been born. See *Miller ex parte,* 90 N. C., 625; *Irvin v. Clark,* 98 N. C., 437; *Springs v. Scott,* 132 N. C., 548; *Lumber Co. v. Herrington,* 183 N. C., 85; *Bank v. Alexander,* 188 N. C., 667. But the rule formerly prevailing has been modified by legislation. C. S., 1744. *Pendleton v. Williams,* 175 N. C., 248; *Poole v. Thompson,* 183 N. C., 588." C. S., 1744. Remainders to uncertain persons; procedure for sale; proceeds secured. C. S., 1745. Sales of contingent remainders validated.

Without analyzing the facts in this controversy and the judgment of the court below, we think it was the proper one under the facts and circumstances of this case. We think those *in esse* or *in posse,* are properly represented in this proceeding; all parties who could possibly have any interest in the estate are parties to this action and the infant and all unborn children who might have any interest, are properly represented. From a careful examination of the facts, as found by the court below and the judgment rendered, we think a court of equity has jurisdiction in the matter. We think the judgment fair to all and not prejudicial to the parties who have either vested or contingent interests.

The policy of the law is to encourage settlement of family disputes like the present, so as to promote peace, good will and harmony among those connected by consanguinity or affinity. Equity favors amicable adjustments. In the present action, the contract that was made was a compromise over the provisions of the will, based on the present deflation in prices and an adjustment of other differences. The court below found the facts at length with care, and rendered judgment that it was to the best interest of all that "the terms and provisions of said contract . . . be accepted, ratified and approved and carried into effect." It was further found as a fact "that the parties to this proceeding are all properly before the court," etc.

Speaking to the subject, in *Carstarphen v. Carstarphen,* 193 N. C., 548, is the following: "A sound public policy looks to the speedy ending of litigation. Courts never encourage litigation, but look with favor on adjustment of differences, and this is especially true in family disputes." For the reasons given, the judgment of the court below is

Affirmed.