The judgment of the court below is as follows:
"This cause coming on to be heard before the undersigned judge presiding at the 14 September, 1936, Extra Term of Mecklenburg Superior Court, and all the parties being represented by counsel, and in open court having waived any right that they might otherwise have to have any of the matters involved in this action tried by a jury, and having agreed that the matter should be heard both as to law and facts by the undersigned judge, which agreement, made in open court, is ordered entered in the minutes, and the court having heard evidence, hereby makes the following findings of fact:
"1. That Sallie B. Tarver, late of Mecklenburg County, N.C. died on 23 July, 1935, leaving a last will dated 27 January, 1931, and which has been duly probated in common form before the clerk of the Superior Court of Mecklenburg County, N.C. and is recorded in the office of said clerk in Will Book X, page 455; that a correct copy of said will is attached to the complaint herein, marked `Exhibit A.'
"2. That the defendants Rosalie Tarver Wade, William H. Tarver, and Clifford Tarver are the sole surviving children of the said Sallie B. Tarver, and are her heirs at law and distributees in case of intestacy; that the defendant Howard M. Wade is the husband of Rosalie Tarver Wade, and that Isabelle Tarver Wade is the only child of Rosalie Tarver Wade; that the defendant Katherine J. Tarver is the wife of William H. Tarver; that the only child of William H. Tarver is James B. Tarver, and that his wife is the defendant Elizabeth M. Tarver; that Elizabeth M. and James B. Tarver have no children; that Isabelle Tarver Wade and Clifford Tarver are now unmarried and that neither of them has any children; that the defendants herein named are all the persons in being who have any interest, vested or contingent, in the estate of Sallie B. Tarver, either under her will or by intestacy; that all of said persons are of full age and suijuris, the ages of said defendants being as follows: Rosalie Tarver Wade is 56 years of age; Isabelle Tarver Wade is 25 years of age; William H. Tarver is 51 years of age; James B. Tarver is 25 years of age; Clifford Tarver is 49 years of age.
"3. That the American Trust Company, a banking corporation organized and existing under the laws of North Carolina, and fully authorized and empowered to act as administrator, has duly qualified as administrator c.t. a. of the will of Sallie B. Tarver; that Independence Trust Company, the executor and trustee named in said will, was placed in liquidation by the Commissioner of Banks prior to the death of Sallie B. Tarver, and the liquidation was completed shortly thereafter, and the liquidating agent of said Independence Trust Company declined to qualify as executor, or as trustee, and that no trustee has been appointed to succeed Independence Trust Company. *Page 29 
"4. That the defendant Clifford Tarver has expressed the purpose of filing a caveat to the will of Sallie B. Tarver, and the court finds that there is a bona fide dispute as to the validity of said will.
"5. That the estate of Sallie B. Tarver consists principally of corporate stocks, most of which have a ready market on recognized stock exchanges; that the gross value of her estate at the time of her death was approximately $93,000, and the net value of said estate at the present time is $100,000.
"6. That the contract referred to in the complaint herein, and marked `Exhibit B,' was duly executed by all persons in being having any interest in the estate of Sallie B. Tarver, either vested or contingent, and the American Trust Company, administrator c. t. a., is willing to carry out the provisions of said contract and distribute the estate in accordance therewith, provided it is legally authorized to do so.
"7. The court finds as a fact that it will be for the best interest of all parties concerned that said contract be carried out and performed; that it will settle a family dispute and avoid very vexatious litigation and waste of the estate thereby.
"8. The court further finds that, because of the dissolution of the Independence Trust Company, the trustee named in said will, and because of the dispute between the children of Sallie B. Tarver, that the ultimate purpose of the testatrix will be more nearly effectuated by carrying out said contract than by leaving the parties to work out their rights through litigation.
"9. That the unborn issue of each of the children of Sallie B. Tarver are properly represented by guardians ad litem, who have filed answers and are at the hearing in person; that the possibility of any part of said estate ever vesting in any person not now in being is very remote; the validity of the will is uncertain; that a settlement of the family dispute will be beneficial to such contingent remaindermen in that pleasant family relations will thereby be maintained, and the court finds as a fact that the interests of all parties now concerned, or who might hereafter be concerned, will be best subserved by carrying out such contract.
"10. That unless the proposed settlement is made, a caveat to the will of Mrs. Tarver will be filed by her son, Clifford Tarver, with the prospect of long and bitter and expensive litigation tending to disrupt family ties, and to injure and damage the dignity, honor, and peace of the family; that the parties, all being members of the family circle, have made earnest and determined efforts to avoid such litigation and have endeavored to settle and compose their differences for the purpose of avoiding expensive, destructive, and uncertain litigation. In the opinion of the court, this settlement will be for the best interest of the entire family, including its present and future members; it will prevent family dissensions, *Page 30 
tend to strengthen the ties of the family affection, preserve the dignity, honor, and peace of the family, and tend to promote the primary objects of the testatrix.
"It is by the court, upon the foregoing findings of fact and upon the record, concluded as matters of law and adjudged as follows:
"1. The court holds that in its chancery jurisdiction, looking to the interests of the family as a whole, and exercising the power of courts of chancery to approve family settlements and thereby preserve family ties and reserve the honor and dignity of the family, the court has the power in this case to approve the settlement and to bind the unborn contingent remaindermen thereto.
2. That the laid contract referred to in the complaint, and a copy of which is hereto attached, marked `Exhibit B,' is legally binding upon the parties thereto, and the same is hereby approved by the court and made legally binding upon the American Trust Company, administrator c. t. a. of the estate of Sallie B. Tarver and all other persons in interest, including unborn contingent remaindermen.
"3. That the said American Trust Company, administrator c. t. a. of the estate of Sallie B. Tarver, is hereby ordered and directed to recognize said contract as a valid and binding contract, and to distribute the estate of Sallie B. Tarver in accordance with the terms thereof, after paying all debts and costs and expenses of administration, including costs of this proceeding to be taxed by the clerk. This 26 September, 1936. G. V. Cowper, Judge presiding."
The guardians ad litem excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.
Sallie B. Tarver, deceased, on 27 January, 1931, made an alleged last will and testament. Clifford Tarver, a son, denied the validity of the will. The court below found the following fact: "That the defendant Clifford Tarver has expressed the purpose of filing a caveat to the will of Sallie B. Tarver and the court finds that there is a bona fide dispute as to the validity of said will."
All the parties to the action were of full age and sui juris, except the unborn issue of Rosalie Tarver Wade, Wm. H. Tarver, and Clifford *Page 31 
Tarver, who were represented by guardians ad litem. All the parties interested in the controversy are parties to this action and have filed pleadings.
To settle the family dispute over the validity of the will, all the parties, except the unborn issue above set forth, executed a contract, as set forth in the record. From the findings of fact by the court below, can we sustain the conclusions of law made by the court below? We think so. There was plenary evidence in the record to support the findings of fact of the court below.
In Spencer v. McCleneghan, 202 N.C. 662 (671), it is said: "We think those in esse or in posse are properly represented in this proceeding; all parties who could possibly have any interest in the estate are parties to this action and the infant and all unborn children who might have any interest are properly represented. From a careful examination of the facts as found by the court below, and the judgment rendered, we think a court of equity has jurisdiction in the matter. . . . The policy of the law is to encourage settlement of family disputes like the present, so as to promote peace, good will, and harmony among those connected by consanguinity or affinity. Equity favors amicable adjustments."
The whole matter of settlements of this kind has been fully gone into recently and cases cited in Reynolds v. Reynolds, 208 N.C. 578 (p. 620,et seq.).
The court below found that the approval of this settlement will eliminate long, bitter, and expensive litigation between members of the same family. The settlement itself will bring peace and harmony. The court below found it to be fair and just to all parties in interest. We see no reason why the settlement should not be approved.
For the reasons given, the judgment of the court below is
Affirmed.