MABEL A. HUNTER, NINA HUNTER THOMSON AND HUSBAND, W. FRANK
   THOMSON, AND CORA D. HUNTER v. AMERICAN TRUST COMPANY,
   A CORPORATION, TRUSTEE UNDER THE WILL OF BAXTER ROSS HUNTER;
   AND CHARLES W. BUNDY, GUARDIAN AD LITEM FOR FRANCES ANNE
   THOMSON, INFANT DAUGHTER OF NINA HUNTER THOMSON, AND
   GUARDIAN AD LITEM FOR THE UNBORN CHILD OR CHILDREN OF NINA
   HUNTER THOMSON.

(Filed 3 May, 1950.)

**Executors and Administrators § 24—**

> A valid contract compromising a family dispute over the validity of a
> will and providing for the distribution of the estate in a manner other than
> that specified in the will, is enforcible in equity under the doctrine of
> family settlements, and when all persons having any interest in the estate
> are parties to the contract and are *sui juris*, it is a valid contract enforce-
> able at law.

APPEAL by the defendants, Charles W. Bundy, Guardian *ad litem,* and
American Trust Company, Trustee under the will of Baxter Ross Hunter,
from *Crisp, Special Judge,* at the March Term, 1950, of the Superior
Court of Mecklenburg County.

The plaintiffs sued the defendants to enforce a contract made in
December, 1949, compromising a family dispute over the validity of the
will of the late Baxter Ross Hunter of Mecklenburg County, North Caro-
lina, and providing for the distribution of his estate among all persons
having any claim thereto in a manner other than that specified in the
will. The parties waived trial by jury. After hearing the evidence, the
court made detailed findings of fact and appropriate conclusions of law,
and entered judgment thereon approving and enforcing the contract.
The defendants, Charles W. Bundy, Guardian *ad litem,* and American
Trust Company, Trustee under the will of Baxter Ross Hunter, appealed,
assigning errors.

*Orr & Hovis for plaintiffs, appellees.*

*Charles W. Bundy for the defendant, Charles W. Bundy, Guardian
ad litem, appellant.*

*Henry E. Fisher for the defendant, American Trust Company, Trustee
under the will of Baxter Ross Hunter, appellant.*

ERVIN, J. The trial court rightly ruled that the infant, Frances Anne
Thomson, and the unborn child or children of the plaintiff, Nina Hunter
Thomson, have no interest whatever in the estate of Baxter Ross Hunter.
The judgment finds full support in decisions upholding family settle-
ments. *Bohannon v. Trotman,* 214 N.C. 706, 200 S.E. 852; *Trust Co. v.*

*Wade,* 211 N.C. 27, 188 S.E. 611; *Reynolds v. Reynolds,* 208 N.C. 578, 182 S.E. 341; *Spencer v. McCleneghan,* 202 N.C. 662, 163 S.E. 753; *Tise v. Hicks,* 191 N.C. 609, 132 S.E. 560; *Bailey v. Wilson,* 21 N.C. 182.

Moreover, it is proper even apart from the doctrine of family settlements; for it appears that the contract was made in good faith to settle a dispute between the parties as to the validity of the will of the testator; that all persons having any interest in the estate are parties to the contract; and that all of such persons are *sui juris.* 57 Am. Jur., Wills, section 995. For these reasons, the judgment is

Affirmed.