SAMUEL H. KING et al. v. MARTHA RUDD et al.

(Filed 27 February, 1946.)

**1. Judgments § 9—**

Failure of plaintiffs to move promptly for judgment by default after they are entitled thereto by the lapse of the prescribed time or the expiration of the time allowed by consent order, G. S., 1-211, does not work a discontinuance of the action.

KING v. RUDD.

**2. Same: Pleadings § 6—**

Whether the executor of the deceased mortgagor and the purchaser of the property *pendente lite*, *lis pendens* having been duly filed, should be allowed to make themselves parties and file answer some eight years after time for filing answer has expired, rests in the sound discretion of the trial court.

**3. Pleadings § 6—**

An order of the clerk permitting the administrator of a deceased mortgagor and the purchaser of the property *pendente lite*, to make themselves parties and file answer some eight years after expiration of time therefor, entered without notice to plaintiffs, is subject to approval or disapproval by the judge.

**4. Appeal and Error § 40a—**

An exception to "the signing of the judgment" presents only the face of the record for inspection or review, and when the judgment is supported by the record the exception must fail.

APPEAL by defendants from *Pless, J.*, at November Term, 1945, of CASWELL.

Civil action instituted 7 January, 1936, to recover on $1,000-promissory note executed 20 September, 1928, by Mrs. Martha Rudd and J. F. Rudd and wife, Mary Rudd, and to foreclose deed of trust given as security for its payment. *Lis pendens* was duly filed at the time of the institution of the action.

On 30 January, 1936, a consent order was entered by the clerk allowing the defendants until 10 August, 1936, to file answer or demur to the complaint. No pleading has ever been filed by any of the original defendants.

On 20 December, 1941, Mrs. Martha Rudd deeded the land described in the deed of trust and notice of *lis pendens* to W. B. Nicks and wife, Ruth Rudd Nicks.

On 4 February, 1944, Mrs. Martha Rudd died, and J. C. Womack was appointed administrator *c. t. a.* of her estate.

On 4 November, 1944, upon affidavit of Ruth Nicks, the clerk signed an order setting the administrator down as a party defendant; and on the same day, an order was signed by the clerk allowing W. B. Nicks and wife, Ruth Rudd Nicks, to come in, make themselves parties defendant, and they were given 30 days in which to file answer. Answers were filed immediately by the administrator and the Nickses. These orders of the clerk were without notice to the plaintiffs.

The plaintiffs thereupon lodged motion to strike out the answers and for judgment by default final.

The defendants filed counter-motion to dismiss the action for failure to prosecute or for laches.

From judgment allowing motion of the plaintiffs, the defendants appeal, assigning as error "the signing of the foregoing judgment."

*Sharp & Sharp and E. F. Upchurch for plaintiffs, appellees.*
*P. W. Glidewell, Sr., and R. T. Wilson for defendants, appellants.*

STACY, C. J.    The plaintiffs were clearly entitled to judgment by default final when the defendants omitted to answer by 10 August, 1936. G. S., 1-211.    The failure of the plaintiffs to move promptly for such a judgment did not work a discontinuance of the action.    *University v. Lassiter,* 83 N. C., 38.

Whether the executor, who stands in the shoes of the deceased, and the Nickses, who claim under her through purchase *pendente lite,* should be allowed to file answer at this late date was a matter resting in the sound discretion of the trial court.    *O'Briant v. Bennett,* 213 N. C., 400, 196 S. E., 336; *Washington v. Hodges,* 200 N. C., 364, 156 S. E., 912; *Roberts v. Merritt,* 189 N. C., 194, 126 S. E., 513; *Church v. Church,* 158 N. C., 564, 74 S. E., 14; *Wilmington v. McDonald,* 133 N. C., 548, 45 S. E., 864; *Byrd v. Byrd,* 117 N. C., 523, 23 S. E., 324; McIntosh on Procedure, 507.    No pleading has been filed by J. F. Rudd and wife, Mary Rudd.    Ruth Rudd Nicks is a daughter of the deceased.

The order of the clerk, having been entered without notice to the plaintiffs, was subject to approval or disapproval by the judge.    We cannot say that error appears on the face of the record.    An exception to "the signing of the judgment" presents only the face of the record for inspection or review.    *Rader v. Coach Co.,* 225 N. C., 537; *Crissman v. Palmer,* 225 N. C., 472; *Smith v. Smith,* 223 N. C., 433, 27 S. E. (2d), 137; *Cooper v. Cooper,* 221 N. C., 124, 10 S. E. (2d), 237; *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139.    Obviously, the judgment is supported by the record.    Hence, the exception must fail.    *Ingram v. Mortgage Co.,* 208 N. C., 329, 180 S. E., 594; *Wilson v. Charlotte,* 206 N. C., 856, 175 S. E., 306.

Affirmed.