MONTROSE BROWN (ADMINISTRATRIX), MRS. JAMES F. BROWN (WIDOW),
LILLIE MAY BROWN AND CHARLES BROWN (MINOR CHILDREN) OF
JAMES F. BROWN, DECEASED (EMPLOYEE), v. L. H. BOTTOMS TRUCK
LINES, INC. (EMPLOYER), AND LUMBER MUTUAL CASUALTY COM-
PANY (CARRIER).

(Filed 11 December, 1946.)

**Master and Servant § 55d: Appeal and Error § 40a—**

Exceptions and assignments of error to the judgment, findings of fact,
and conclusions of law of the Superior Court in affirming an award of the
Industrial Commission present the sole question of whether the findings
are sufficient to support the judgment and does not present the compe-
tency or sufficiency of the evidence to support the findings or any one of
them.

APPEAL by defendants from *Pless, J.,* at September Term, 1946, of
GUILFORD. Affirmed.

Claim for compensation under the Workmen's Compensation Act for
the death of James F. Brown, alleged to have resulted from accidental
injury while in the employment of defendant Truck Lines.

The award by the Industrial Commission was in favor of claimants.
The defendants noted exceptions, and appealed to the Superior Court.

In the Superior Court the findings of fact and conclusions of law of
the Industrial Commission were approved and affirmed, the court hold-
ing that deceased's death resulted from injuries by accident arising out
of and in the course of his employment by the defendant Truck Lines.
Appeal entries: "To the foregoing ruling, the defendants except and to
the signing thereof again except and give notice of appeal to the Supreme
Court." Assignments of error: "The only exceptions are to the judg-
ment of Judge Pless, findings of fact, and conclusions of law."

*Wm. E. Comer for plaintiffs, appellees.*

*Charles W. Taylor and Ehringhaus & Ehringhaus for defendants,
appellants.*

DEVIN, J. The question for decision on the defendants' appeal in
this case is that presented by their exception to the judgment below, and
"to the signing thereof." The only exceptions pointed out in appellants'
assignments of errors are "to the judgment of Judge Pless, findings of
fact, and conclusions of law."

Limiting our consideration to the exceptions thus brought forward
on the appeal, it follows that many of the questions debated on the argu-
ment are not presented for decision. The exception to the judgment
raises only the question whether the facts found are sufficient to support
the judgment. *Lee v. Adjustment Board,* 226 N. C., 107, 37 S. E. (2d),

128.  An exception to the signing of the judgment presents only the question whether error appears on the face of the record.  *King v. Rudd,* 226 N. C., 156, 37 S. E. (2d), 116; *Crissman v. Palmer,* 225 N. C., 472, 35 S. E. (2d), 422; *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139.

In *Rader v. Coach Co.,* 225 N. C., 537, 35 S. E. (2d), 609, 610, the applicable principles were stated as follows: "The defendants excepted to the judgment in the court below.  This is the only exception appearing in the record.  Defendants' only assignment of error is in the following language: 'The defendants assign as error the approval and affirmation of the findings of fact and conclusions of law of the North Carolina Industrial Commission as will appear by judgment in the record.'  The exception to the judgment presents the single question, whether the facts found and admitted are sufficient to support the judgment.  It is insufficient to bring up for review the findings of fact or the evidence upon which they are based. . . . On an appeal to this Court from the judgment of the Superior Court affirming an award of the Industrial Commission, this Court may consider and pass on only the contention of the appellant that there was error in matters of law at the hearing in the Superior Court.  This contention must be presented to this Court by assignments of error based on exceptions to the specific rulings of the trial judge.  Where there is a single assignment of error to several rulings of the trial court and one of them is correct, the assignment must fail.  It must stand or fall as a whole."  This statement of the rule is supported by many authorities cited by *Justice Barnhill.*

In *Vestal v. Vending Machine Co.,* 219 N. C., 468, 14 S. E. (2d), 427, it was said: "This defendant excepts 'to the rulings of the court and findings of fact upon which the judgment was signed.'  His assignment of error is 'that the court erred in its rulings and findings of fact.'  This is a broadside exception and assignment of error.  It fails to point out or designate the particular finding of fact to which exception is taken.  Nor is it sufficient to challenge the sufficiency of the evidence to support the findings or any one of them."

The rule was reaffirmed in *Fox v. Mills, Inc.,* 225 N. C., 580, 35 S. E. (2d), 869, from which we quote: "In conformity with the view expressed in the *Rader case* (225 N. C., 537), it must be held here that an exception to the judgment affirming an award by the Industrial Commission is insufficient to bring up for review the findings of fact or the competency or sufficiency of the evidence to support the findings and conclusions of the Industrial Commission."  In that case the exception was "to the foregoing judgment," and this Court said, "The effect of an exception to the judgment is only to challenge the correctness of the judgment, and presents the single question whether the facts found are sufficient to support the judgment."

In the *Fox case, supra,* approved appellate procedure in cases arising under the North Carolina Workmen's Compensation Act was pointed out.

We are of opinion and so hold that the defendants' exception to the ruling of the trial judge and to his findings of fact and conclusions of law cannot be sustained, and that no error appears on the face of the record.

The judgment accordingly is

Affirmed.