SAM T. ROACH v. C. C. PRITCHETT, CRAVEN COUNTY TAX COLLECTOR.

(Filed 7 April, 1948.)

**1. Appeal and Error § 40d—**

Where the evidence is not in the record it will be assumed that there was evidence sustaining the findings of the trial court.

**2. Appeal and Error § 40a—**

A sole exception to the judgment presents a single question whether the court correctly applied the law to the facts found, and does not present for review the findings of fact or the evidence upon which they are based.

**3. Taxation § 39—**

Assets of a corporation which are sold to an innocent purchaser for value are not subject to levy to satisfy taxes due by the corporation. G. S., 105-385 (c) (5).

APPEAL by defendant from *Harris, J.,* November Term, 1947, CRAVEN. Affirmed.

Civil action to enjoin levy on and sale of personal property to satisfy taxes.

The record does not disclose a temporary restraining order, but the judgment entered decrees "that the restraining order be continued and the same is made permanent; . . ." And so, apparently a temporary restraining order was issued and then the cause came on for final hearing.

At the hearing counsel agreed "that jury might be waived and the, Judge hear the evidence and render judgment out of term and out of the District." The court found the facts from which it appears that in

February 1933 a corporation was chartered to take over the automobile supply business theretofore operated by plaintiff. It thereafter operated the business in its corporate name until 1939, when it was dissolved. Plaintiff purchased a part of its stock in trade and thereafter continued the business, adopting the old corporate name as a trade name. The corporation paid all taxes assessed against it except for the years 1937 and 1938. For these years the sum of $356.14 in taxes, penalties and costs is still due and unpaid. Plaintiff has paid all taxes assessed against him personally.

On 13 December 1945 plaintiff sold his automobile supply business for value to innocent third parties.

On 28 December 1945 defendant, acting under the provisions of G. S. 105-385, served notice of levy on said stock of merchandise and also levied upon one 1941 Lincoln automobile belonging to plaintiff to satisfy taxes levied against the corporation for the years 1937 and 1938. Thereupon, plaintiff instituted this action to enjoin sale under said levy.

The court, having found the facts, entered judgment 6 January 1948, *nunc pro tunc,* permanently enjoining defendant from proceeding further under said levy and defendant appealed.

*Guion & Rodman for plaintiff appellee.*
*R. A. Nunn for defendant appellant.*

BARNHILL, J. While the facts alleged permit the inferences that the corporation in whose name the property was listed for taxation was a mere dummy; that it never in good faith acquired the automobile supply business of plaintiff; and that he was at all times the true owner thereof, operating the same as his own, the court below reached a contrary conclusion. The testimony offered is not contained in the record. It must be assumed, therefore, that the evidence sustains the findings. Indeed, this is conceded by failure to except thereto.

Furthermore, the only exception in the record is to the judgment entered. This presents the single question, whether the facts found and admitted are sufficient to support the judgment, that is, whether the court correctly applied the law to the facts found. It is insufficient to bring up for review the findings of fact or the evidence upon which they are based. *Rader v. Coach Co.,* 225 N. C., 537, 35 S. E. (2d), 609, and cited cases; *Fox v. Mills, Inc.,* 225 N. C., 580, 35 S. E. (2d), 869; *Lee v. Board of Adjustment,* 226 N. C., 107, 37 S. E. (2d), 128; *King v. Rudd,* 226 N. C., 156, 37 S. E. (2d), 116; *Redwine v. Clodfelter,* 226 N. C., 366, 38 S. E. (2d), 203; *Smith v. Smith,* 226 N. C., 506, 39 S. E. (2d), 391; *Swink v. Horn,* 226 N. C., 713, 40 S. E. (2d), 353; *Brown v. Truck Lines,* 227 N. C., 65, 40 S. E. (2d), 476.

When the judgment entered is supported by the findings of fact, the judgment will be affirmed. *Rader v. Coach Co., supra; Manning v. Insurance Co.,* 227 N. C., 251, 41 S. E. (2d), 767; *Hylton v. Mount Airy,* 227 N. C., 622, 44 S. E. (2d), 51; *In re Collins,* 226 N. C., 412, 38 S. E. (2d), 160.

Levy on the property of plaintiff to satisfy taxes due by the corporation was without warrant in law. The assets plaintiff acquired from the corporation were exempt from levy after the sale to innocent purchasers for value. G. S. 105-385 (c) (5).

The judgment below is
Affirmed.