MATTIE A. McLEOD RICE, JULIA BRYAN, W. A. ROSY, MARGARET THOMAS, ALICE BRYAN JOHNSON, JOSEPH BRYAN, McLEOD BRYAN, JULIA M. BRYAN CAVINESS, CLYDE A. McLEOD, ALEX ROSY AND MARY ROSY MARKS, v. WACHOVIA BANK & TRUST COMPANY, AS EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF THE ESTATE OF ALEX H. McLEOD, DECEASED; BENJAMIN WATSON THOMAS, ARTHUR RICE THOMAS, ROBERT ALEXANDER THOMAS AND MARY MARTHA THOMAS, THE LAST FOUR NAMED BEING THE MINOR CHILDREN OF MARGARET THOMAS; JOSEPH ROSY AND BETTY ROSY, THE LAST TWO NAMED BEING THE MINOR CHILDREN OF W. A. ROSY; THE UNBORN ISSUE OF PLAINTIFF, MATTIE A. McLEOD RICE; THE UNBORN ISSUE OF THE CHILDREN OF MATTIE A. McLEOD RICE; THE UNBORN ISSUE OF PLAINTIFF, MARGARET THOMAS; THE UNBORN ISSUE OF THE CHILDREN OF SAID MARGARET THOMAS; THE UNBORN ISSUE OF PLAINTIFF, JULIA BRYAN; THE UNBORN ISSUE OF THE CHILDREN OF SAID JULIA BRYAN; THE UNBORN ISSUE OF PLAINTIFF, W. A. ROSY; THE UNBORN ISSUE OF THE CHILDREN OF SAID W. A. ROSY; THE UNBORN ISSUE OF ALL PERSONS IN POSSE.

(Filed 9 June, 1950.)

**1. Appeal and Error § 6c (2)—**

A sole exception to the signing of the judgment presents only whether the court correctly applied the law to the facts found.

**2. Executors and Administrators § 24—**

While the courts look with favor on family settlements, neither the terms of a will nor of a testamentary trust will be modified merely because the beneficiaries dislike its provisions, but such an agreement will be approved only when the right of infants are not prejudiced and when such modification is necessary in order to preserve the trust.

**3. Same—**

Where a caveat has been filed which, if successful, would defeat provisions for the benefit of certain heirs, minors *in esse* and not *in esse*, a family agreement which provides for modification of the trust in certain material aspects but which provides for the preservation of the *corpus* of the trust estate and protects the rights of the infant beneficiaries therein, is properly approved, since under the circumstances the filing of the caveat creates an exigency not contemplated by the testator and the family settlement is, therefore, advantageous to the infant beneficiaries.

APPEAL by Wachovia Bank & Trust Company, as Executor and Trustee under the Last Will and Testament of Alex H. McLeod, deceased; Robert N. Page, III, Guardian *ad Litem* for all minor defendants; and J. Vance Rowe, Guardian *ad Litem* for the unborn issue of Mattie A. McLeod Rice, *et als.,* from *Phillips, J.,* at March Term, 1950, of MOORE.

Petition for approval of a family settlement.

Dr. Alex H. McLeod died on 19 June, 1948, leaving a last will and testament in which he disposed of his estate of the approximate value of $359,000.00. The will was duly admitted to probate in common form in the office of the Clerk of the Superior Court of Moore County, N. C. The estate consists, among other things, of cash on hand, about 2,200 acres of valuable timber and farming land, town properties, etc.

The testator never had any child born to him. He married Carrie B. McLeod, but legally divorced her some years before his death. He made certain devises and bequests, but the bulk of the estate was bequeathed and devised to the Wachovia Bank & Trust Company, in trust.

The trustee is authorized and empowered to sell and convey by proper deeds of conveyance, at any time, all the testator's real estate, with the exception of the farm lands, and all personal property, and to invest and reinvest the net income derived from the trust estate.

The trustee is directed to keep and provide for the management of the farms for a period of twenty-one years after his death. At the expiration of this period, two of the farms are disposed of under the Ninth Item of the will, paragraphs (d) and (e). The residue of the estate is then to be converted into cash and distributed as follows:

"Pay seventy-five (75) per cent thereof to the heirs at law of my dead sister, Margaret M. Rosy; pay seventy (70) per cent of the remaining amount in the hands of my trustee after the payment aforesaid directed to the heirs at law of W. A. Rosy; and five (5) per cent of said remainder to the heirs at law of Julia Bryan, and the balance or twenty-five (25) per cent of said remainder to the heirs at law of my sister, Mattie A. Rice,—the children or heirs at law of any such child who may be dead to take in equal shares the share of their ancestor *per stirpes.*"

Additional facts and pertinent findings of fact by the court are hereinafter set out.

"The parents of the testator, Alex H. McLeod, died several years before the death of said testator, Alex H. McLeod, and after the death of his said parents, the nearest of kin and heirs at law of the said Alex H. McLeod was his brother, Robert L. McLeod, and his two sisters, Margaret M. Rosy and Mattie A. Rice; and both his brother, Robert L. McLeod, and his sister, Margaret M. Rosy, died leaving the children and heirs at law hereinafter mentioned prior to the death of the said Alex H. McLeod and prior to the date of said last will and testament of said testator, Alex H. McLeod, as admitted to probate as aforesaid. His sister, Mattie A. Rice, is still living." (Finding of Fact No. VI.)

Robert L. McLeod, brother of the said Alex H. McLeod, died some years before the death of the testator, leaving eight living children and two grandchildren, who are the sole heirs of a deceased son.

Margaret M. Rosy left as her sole heirs at law, two children, to wit, W. A. Rosy and Julia Bryan. These children under the terms of the Ninth Item of the will, paragraph (g), get 75 per cent of the trust estate when distributed. The heirs of W. A. Rosy get 17.50 per cent. The heirs of Julia Bryan get 1.25 per cent, and the heirs of Mattie A. Rice get 6.25 per cent.

Julia Bryan is married and her husband is now living, and they have four children now living and of full age.

W. A. Rosy is married and his wife is still living, and they have four children now living, two of whom are minors.

Mattie A. Rice, the sister of the testator, is a widow, an elderly lady seventy-one years of age, and is the beneficiary under the terms of the will of a bequest of only $1,500.00 under the Third Item of the will.

The sole child and heir at law of Margaret A. Rice is Margaret Thomas, three of whose children are devised a farm in paragraph (e) of the Ninth Item of the will. Margaret Thomas is married and her husband is still living. They have four children, all of whom are minors.

"On the 5th day of August, 1949, Mattie A. McLeod Rice, sister of the testator, Alex H. McLeod, Clyde A. McLeod, one of the children of the brother of said testator, Robert L. McLeod, deceased, and Julia Rosy Bryan, the niece of said testator, filed the caveat shown by the record to the last will and testament of the said Alex H. McLeod, and all the legatees named in said will and all the persons who could be interested in such caveat proceeding and the property therein involved have been made parties to said caveat proceeding and duly served with notice thereof, as provided by law, and guardians *ad litem* duly appointed for all infant parties and pleadings filed by such guardians for said infant parties. Of the parties served with the process required by law, the following aligned themselves as caveators: Bessie McLeod Williams, Mattie Neal McLeod Green, Louise McLeod Henderson and Ruth McLeod Allen. All the other parties to the proceeding who filed pleadings, including the guardians for the infant parties, aligned themselves as propounders of the will." (Finding of Fact No. XIII.)

"This action is brought to obtain the approval of the court of the family settlement set up in the complaint, the terms of which are contained in the copy thereof made a part of the complaint as Exhibit B and to modify and engraft the same as a part of the will of the said Alex H. McLeod, and compel the Executor and Trustee to abide by and observe the terms of said family settlement; and the Executor and Trustee of said will has filed answer to the complaint, as shown by the record, and likewise therein asked the advise of the court regarding a proper and legal construction of the will and the parties who legally take

the legacies contained in the will, as shown by the answer of said Executor and Trustee." (Finding of Fact No. XIV.)

"That if the said caveat proceedings are prosecuted to a final determination, it would act as a barrier to the establishment of family peace, and the trial of said cause would doubtless attract wide attention and publicity and would tend to expose to the public gaze intimate family affairs which should be guarded within the family; that such a trial would further disrupt and tend to destroy in material degree the peace, honor and dignity of the family and doubtless plunge the family and the parties interested in said litigation into litigation extending over a period of several years and would be attended with a large amount of expense, uncertainty and risk thereby either defeating or seriously jeopardizing the trust estate created by the testator under his said will; that, because of the phraseology in certain provisions of said will, the trust estate might be difficult to administer without frequently resorting to the courts for judicial interpretation, thereby creating additional expense against the estate." (Finding of Fact No. XVII.)

"That if the caveat is sustained, Mattie A. McLeod Rice would be entitled to a one-third interest in the estate; W. A. Rosy and Julia Bryan would be, together, entitled to a one-third interest in said estate as the children of Margaret McLeod Rosy; and the eight children and two grandchildren, representing the ninth child of Robert L. McLeod, deceased, brother of the testator, Alex H. McLeod, would be entitled to a one-third interest in said estate; and if the caveat is sustained, the interest of Mattie A. McLeod Rice would be greatly increased, and the interest of the other beneficiaries under the will would be either greatly reduced or fully destroyed, and the interest of all minors named in the will would be completely destroyed and the intention of the testator entirely defeated." (Finding of Fact No. XVIII.)

"That under all the circumstances existing, as aforesaid, the settlement proposed is for the best interest of all the parties, including all the present, prospective and contingent beneficiaries; that such settlement would prevent dissipation and waste of the assets of the estate and would more nearly accomplish the primary objectives and effectuate the real intentions of the testator than could be hoped for by a rejection of said settlement and relegation of the parties to a bitter family strife and long drawn out litigation, and, by reason thereof, the trust created by the testator should be modified according to the exigencies of the situation now existing and in accordance with the terms of said family settlement." (Finding of Fact No. XXI.)

"That the plaintiffs are keenly interested in protecting the interests of the minors involved and the rights of the unborn children and are of opinion that the approval of said family settlement will be for the best

interests of all persons interested in the assets of said estate, both born and unborn, and an approval of said settlement will preserve for them a substantial portion of the estate free from the dissipation of litigation and the risk of a bitterly prosecuted caveat which might destroy and wipe out their entire interests in the estate or a material part thereof." (Finding of Fact No. XXII.)

"That the interests of all minors who are parties to this action and by any possibility might be entitled to any of the property and assets of said estate have been carefully guarded and protected in this action by the appointment of guardians *ad litem* to represent said minors and parties *in esse* and not *in esse,* and said guardians *ad litem* have filed answers representing said infant parties in this action, and should there be, by chance, a small reduction in the principal and/or the income or the accumulations of income which all minors and after-born persons might be entitled to receive under the terms of said last will and testament, such reduction, under the terms of said family agreement, would be off-set many times by the benefits and protection naturally and necessarily arising from said settlement and the possibility that said parties would receive nothing in the event the caveat upon the trial of the issues arising thereon should be sustained." (Finding of Fact No. XXIII.)

The court approved the family settlement, which had been agreed upon and executed by all the original caveators, the children of Julia Bryan, W. A. Rosy and Margaret Thomas.

Under the terms of the family agreement, Item One through subsection (b) of the Ninth Item of the will, are to remain in full force and effect as therein set forth.

The family settlement provides for the annual distribution of the income from the trust estate; and it is agreed that the respective interests vested as of the death of the testator, subject to be divested should the holder thereof die prior to the termination of the trust.

Among other things, it is agreed in the family settlement, subject to the approval of the court, that:

1. Margaret Thomas does sell and assign her interest in the trust estate to her mother, Mattie A. Rice, for the term of her mother's life, or until the termination of the trust estate whichever occurs first. Upon the death of Mattie A. Rice, or upon the termination of the trust if it should occur first, Margaret Thomas does sell and assign to her children, share and share alike, the total principal sum of her legacy, to be paid to said children or to their duly appointed guardian, upon the termination of the trust estate. Likewise, the income from this legacy is to be paid annually to these children or their guardian, pending the termination of the trust, should Mattie A. Rice die prior to its termination.

2. Clyde A. McLeod is to be paid the sum of $5,000.00, from the principal of the trust estate, which sum is to be charged to Julia Bryan. It has been determined and agreed that this will reduce the interest of Julia Bryan in the trust estate from 37½ per cent to 35½ per cent.

3. The estate is to be kept intact for 21 years, as provided in the will, and the designated beneficiaries and devisees are to receive the income from the trust estate annually, but no part of the principal is impaired in any other respect. But, on the contrary, the interests of all minors who are beneficiaries under the will and whose interests would have been completely destroyed if the caveators had been successful, will be preserved.

The judgment of the court below sets out in detail the manner in which the trust estate is to be administered under the agreement, and further provides: "That the contract of settlement, copy of which is attached to the complaint herein as Exhibit B, is hereby approved by the court as to the property and fiscal rights of the parties therein agreed upon and adjusted, and, to this extent, is adjudged to be legally binding upon the parties thereto and is hereby made legally binding upon all other parties in interest, including the Executor and Trustee of the will of the testator, Alex H. McLeod, and all the guardians *ad litem* appointed and made parties to this action, and all minors and unborn persons in interest, and all the parties to this action."

The guardians *ad litem* and the Trustee excepted and appealed.

*McKinnon & McKinnon, W. A. Leland McKeithan, and W. D. Sabiston, Jr., for Mattie A. McLeod Rice, Julia Bryan, Margaret Thomas, Alice Bryan Johnson, Joseph Bryan, McLeod Bryan, Julia M. Bryan Caviness, and Clyde A. McLeod. J. Talbot Johnson and H. F. Seawell, Jr., for W. A. Rosy, Alex Rosy and Mary Rosy Marks.*

*Spence & Boyette, W. Frank Taylor, and Joyner & Howison for Wachovia Bank & Trust Co.*

*J. Vance Rowe, Guardian ad litem, "In Propria Persona," for the unborn issue of Mattie A. McLeod Rice, the unborn issue of Margaret Thomas, the unborn issue of Julia Bryan, the unborn issue of W. A. Rosy, the unborn issue of the children of Mattie A. McLeod Rice, the unborn issue of the children of Margaret Thomas, the unborn issue of the children of Julia Bryan, the unborn issue of the children of W. A. Rosy, and the unborn issue of all such unborn persons.*

*Robert N. Page, III, Guardian ad litem, "In Propria Persona," for Benjamin Watson Thomas, Arthur Rice Thomas, Robert Alexander Thomas, Mary Martha Thomas, Joseph Rosy and Betty Rosy.*

DENNY, J. The only exception taken by the appellants was to the signing of the judgment. This exception presents the single question whether the facts found by the court are sufficient to support the judgment, or, to put it another way, whether the court correctly applied the law to the facts found. *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Brown v. Truck Lines,* 227 N.C. 65, 40 S.E. 2d 476; *Swink v. Horn,* 226 N.C. 713, 40 S.E. 2d 353; *Redwine v. Clodfelter,* 226 N.C. 366, 38 S.E. 2d 203; *King v. Rudd,* 226 N.C. 156, 37 S.E. 2d 116; *Lee v. Board of Adjustment,* 226 N.C. 107, 37 S.E. 2d 128; *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869; *Rader v. Coach Co.,* 225 N.C. 537, 37 S.E. 2d 609, and cited cases.

"Family agreements looking to the advantageous settlement of estates or to the adjustment of family differences, disputes or controversies, when approved by the court, are valid and binding. They are bottomed on a sound public policy which seeks to preserve estates and to promote and encourage family accord. *Spencer v. McCleneghan,* 202 N.C. 662, 163 S.E. 753; *In re Estate of Wright,* 204 N.C. 465, 168 S.E. 664; *Reynolds v. Reynolds,* 208 N.C. 578, 182 S.E. 341; *Bohannan v. Trotman,* 214 N.C. 706, 200 S.E. 852; Schouler, Wills, Executors and Administrators, (6d.) sec. 3103." *Fish v. Hanson,* 223 N.C. 143, 25 S.E. 2d 461; *Redwine v. Clodfelter, supra; Bank of Wadesboro v. Hendley,* 229 N.C. 432, 50 S.E. 2d 302.

Ordinarily courts look with favor upon family settlements. But such agreements will not be approved if the right of infants are prejudiced thereby. Neither will the terms of a testamentary trust be modified merely because the beneficiaries thereof dislike its provisions. The modification of the terms of such a trust will be approved only when such modification is deemed necessary in order to preserve the trust. *Redwine v. Clodfelter, supra; In re Reynolds,* 206 N.C. 276, 173 S.E. 789.

This Court, speaking through *Barnhill, J.,* in *Redwine v. Clodfelter, supra,* said: "A court of equity will not modify or permit the modification of a trust on technical objections, merely because its terms are objectionable to interested parties or their welfare will be served thereby. It must be made to appear that some exigency, contingency, or emergency has arisen which makes the action of the court indispensable to the preservation of the trust and the protection of infants. *Reynolds v. Reynolds, supra;* (208 N.C. 578, 182 S.E. 341); *Cutler v. Trust Co., supra* (213 N.C. 686, 197 S.E. 542); 65 C.J. 683, sec. 549."

In the instant case, a caveat had been filed, and the caveators represented families or persons who would have inherited five-sixths of the testator's estate, had the will been set aside. Moreover, if the caveators had insisted upon pressing the caveat proceedings, and had been successful in setting the will aside, the devises to the heirs at law of W. A. Rosy,

Julia Bryan and Mattie A. Rice would have been defeated. This created an exigency not contemplated by the testator. The parties, in view of this exigency, reached an agreement which provides for the preservation of the *corpus* of the trust estate, and protects the rights of the infant beneficiaries therein. The trust provisions are modified to the extent of permitting and directing the income from the estate to be distributed annually, rather than to accumulate for 21 years. And the annual income due the infant devisees, pending the termination of the trust, will be paid to their respective guardians, to be used or preserved for their benefit. The settlement, under the circumstances, appears to be advantageous to the infant devisees.

The trial judge, in the exercise of the judicial discretion of a chancelor in the supervision of trusts and estates of infants, approved the settlement and directed that its terms be carried out.

The Executor and Trustee is likewise given the instructions it requested in its answer, with respect to the administration of the trust estate.

No reason for disturbing the judgment entered below is made to appear.

Affirmed.