SOUTHERN BUTANE GAS CORPORATION v. FRANK BULLARD.

(Filed 29 November, 1950.)

**Judgments § 27a:  Appeal and Error § 6c (2) —**

> Where the court sets aside a judgment upon its findings of excusable neglect and meritorious defense, a sole exception to the signing of the judgment does not present the findings for review, and the judgment, being supported by the findings, will be affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Frizzelle, J.,* May Term, 1950, of NEW HANOVER.   Affirmed.

*Stevens, Burgwin & Mintz for plaintiff, appellant.*
*Isaac C. Wright and Alton A. Lennon for defendant, appellee.*

PER CURIAM.   For want of an answer judgment by default final was rendered by the Clerk in favor of the plaintiff.   Subsequently, defendant's motion to set aside the judgment on the ground of excusable neglect was denied by the Clerk, but on an appeal to the Superior Court

it was found by the Judge "that the judgment was obtained on account of the defendant's excusable neglect, and that the judgment was irregular . . . and that defendant has a meritorious defense." Thereupon it was ordered that the judgment be vacated. G.S. 1-220.

From the record it appears that "to the above judgment the plaintiff excepts and appeals to the Supreme Court," and assigns as error "that the court erred in signing the judgment." As there is no exception to the finding that defendant's failure to answer in due time was attributable to his excusable neglect or that defendant has a meritorious defense, the questions debated by appellant are not presented. The exception to the judgment brings up only the question whether the facts found support the judgment. No error appears on the face of the record. *Rader v. Coach Co.*, 225 N.C. 537, 35 S.E. 2d 609; *Fox v. Mills, Inc.*, 225 N.C. 580, 35 S.E. 2d 869; *Brown v. Truck Lines*, 227 N.C. 65, 40 S.E. 2d 476; *Roach v. Prichett*, 228 N.C. 747, 47 S.E. 2d 20; *Simmons v. Lee*, 230 N.C. 216, 53 S.E. 2d 79.

Judgment affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.