CITY OF LITTLE ROCK *v.* CONNERLY.

5-103                                     258 S. W. 2d 881

Opinion delivered May 25, 1953.

*O. D. Longstreth, Jr., Dave E. Witt* and *John F. Park,* for appellant.

*Talley & Owen* and *Robert L. Rogers, II,* for appellee.

GRIFFIN SMITH, Chief Justice. The city planning commission, initially, then the city council, refused to rezone lot 6, block 199, original city of Little Rock, and A. R. Connerly, Jr., who had recently purchased the property appealed, and was by a Chancery Court order authorized to construct and operate a wholesale radio and miscellaneous appliance business and radio repair shop at 1323 Broadway, with the right to repair or re-

construct the building according to a drawing outlining the exterior conception. The city has appealed.

Connerly's complaint alleged that all of the property on the east side of Broadway is being used for commercial and light industrial purposes, including a combination clinic, office, and boarding house at No. 1301; that "the balance of the houses" on the east side of Broadway's 1300 block are large, antiquated, two-story structures used as boarding and rooming houses, and that No. 1401 Broadway—directly across the street from plaintiff's lot—has for many years been used as a service station. The city denied that property referred to was being used in violation of ordinances, but asserted that the area had been classified or zoned as D-Apartment. It was conceded that the filling station did not conform to the existing classification, but in extenuation it was shown that an original building so adapted occupied the lot at the time zoning became effective, and that in the circumstances it was not a legal imperative that the existing business be suspended. *City of Little Rock* v. *Williams,* 206 Ark. 861, 177 S. W. 2d 924. A permit for a more modern structure on this property was approved several years ago.

More than twenty residents and owners of residence property in the affected area joined in an intervention. They alleged, in effect, that "spot zoning" was an edging-up process by which gradual encroachment occurred, an initiatory step inevitably followed by other owners who felt that if one exception should be made the planning commission could not logically refuse a second, or a third petition, thereby breaking down by successive steps—seemingly harmless as isolated transactions—that which would not be done as a whole.

It is clearly shown that traffic on Broadway is heavy and that at its intersection with Fourteenth street there is an almost constant flow of vehicles, halted momentarily by electrically-operated signal lights. Appellee argues that his modernized operations would add nothing to the district's inconvenience and that no one could

possibly be annoyed in consequence of the activities he proposes to pursue.

Conceding that this might be true in respect of some of those who are protesting, the question we must determine is not what the situation of a particular property owner would be. Rather, we must accept the facts as they exist and say whether the single exception authorized by the decree is consonant with the legislative plan to permit cities of the first class to establish zones limiting the character of buildings that may be erected and uses to which they may be put, for the statute authorizes the municipal authority to designate portions of the city where manufacturing establishments may be erected or conducted, portions where business other than manufacturing may be carried on, and portions set apart for residences. Ark. Stat's, § 19-2805.

Except for the filling station on Broadway at Fourteenth, all property south of Thirteenth street on Broadway to Eighteenth is zoned as D-Apartment, or C-Two Family Apartments.

The record shows that formerly an effort was made to rezone the Fourteenth-st.-Broadway area and that the proposal was rejected by the planning commission and the city council. In appellant's brief it is stated that the council's last action was unanimous.

In recent years city zoning has been sustained against charges that the affected proprietor was deprived of his property without just compensation. The incidents of urban life inducing reasonable uniformity in planning were discussed in *City of Little Rock* v. *Sun Building & Development Co.*, 199 Ark. 333, 134 S. W. 2d 583. The opinion contains comments by Mr. Justice Sutherland of the U.S. Supreme Court, who gave emphasis to the fact that any line drawn by a zoning ordinance establishing districts was bound to bring complaints from owners near the boundaries.

A case involving spot zoning was decided December 1, 1952, *Evans* v. *City of Little Rock*, 221 Ark. 252, 253 S. W. 2d 347. A concluding statement is: "For us to

uphold the appellant [petitioner's] contention would mean that any person who gradually expands an isolated business originally confined to his own homestead has a constitutional right to acquire the property next door and to convert it to industrial use." There projection of an existing right was involved. In the case at bar there is no such right.

We think the testimony clearly shows that the home-site acquired by appellee for conversion to commercial purposes is in a residential district and that neither the planning commission nor the city council acted arbitrarily in rejecting the proposed intrusion.

It follows that the decree must be reversed.