CITY OF LITTLE ROCK, *et al. v.* GOODMAN, *et al.*

5-116                               260 S. W. 2d 450

Opinion delivered June 29, 1953.

Rehearing denied October 5, 1953.

*O. D. Longstreth, Jr., Dave E. Witt* and *Joseph Brooks,* for appellant.

*Edward E. Stocker* and *Cooper Jacoway,* for appellee.

ED. F. McFADDIN, Justice. This suit was instituted in the Pulaski Chancery Court in an effort to obtain rezoning of certain property in Little Rock from residential property to heavy industrial property.

In several recent cases we have indicated the burden on a property owner who claims that rezoning has been arbitrarily or unreasonably refused by the Administrative Agencies and the City Council. *City of Little Rock* v. *Connerly,* 222 Ark. 196, 258 S. W. 2d 881; *City of Little Rock* v. *Fausett & Co.,* 222 Ark. 193, 258 S. W. 2d 48;

*City of West Helena* v. *Bockman,* 221 Ark. 677, 256 S. W.
2d 40; and *Evans* v. *City of Little Rock,* 221 Ark. 252, 253
S. W. 2d 347.

To review all the evidence in the present record and
to measure it by the rules recognized in the foregoing
cases would unduly extend this opinion. It is unneces-
sary to make this review, because we rest our decision
on the absence of any sufficient ownership of, or interest
in, the property by the persons filing this suit.

The appellees are Saul Goodman, Don Gordon, and
Sam Barg; and they are occupying the property involved
as tenants at will of the property owners. The appel-
lees, as plaintiffs, filed the present suit on July 31, 1951,
against the City of Little Rock, and its Engineer and
Chief of Police. The plaintiffs alleged: that they were
then operating their junk yard and salvage business on
certain lots on Block *Three,* Intercity Addition to Little
Rock; that they ". . . desire to use and need to use
in the conduct of their business certain lands lying di-
rectly West of and immediately across Anna Street from
. . . " the present place of business; that the said
lands sought to be rezoned are Lots 10, 11, and 12, Block
*Two,* of said Intercity Addition; that the plaintiffs had
exhausted all the remedies provided by said Zoning Ordi-
nance; and that the various City officials and Commis-
sions, including the City Council, had refused to give to
plaintiffs authority or permission to operate their busi-
ness on the west side of Anna Street in said Block *Two.*

In its answer, the City stated that the lots in Block
*Two* are zoned as residential property; ". . . that
plaintiffs do not state sufficient title or interest in Lots
10, 11 and 12 of Block *Two,* Intercity Addition to the
City of Little Rock, for the purpose of entitling them to
ask for a rezoning of said property; . . . and that
none of the parties in whom title now stands, on the rec-
ords of the Circuit Clerk's office, has applied for or
asked for a rezoning of said property."

Thus, the pleadings presented the issue as to whether
the appellees had sufficient interest in the property to

support this suit in the Chancery Court to enjoin the City and its officials from interfering with the appellees in the use of the property in Block *Two* for a junk yard. On the question of ownership, the plaintiff, Goodman, testified that the three plaintiffs were partners; that Gordon and Goodman each married a daughter of Mr. and Mrs. Izzy Besser; that the lots involved were owned by Mr. and Mrs. Izzy Besser; and that plaintiffs (appellees) were mere tenants at will.[1] It was shown that in 1949, Mrs. Besser petitioned the City Planning Commission and the City Council to change the classification of the said lots from "B" Residential District to "H" Business District, in order to permit the operation of a trailer court, and that this request was denied by both the City Planning Commission and the City Council of Little Rock; so evidently Mrs. Besser, as the owner of the property, knew that it was classified as residential property when she allowed the present appellees to use the lots as tenants at will.

The question is whether a mere tenant at will, without the joinder of the property owner, can maintain a suit against the City to change the classification of the property from "B" Residential District to "K" Heavy Industrial. We have no Arkansas cases in point, but

[1] Here is a pertinent portion of Goodman's testimony:

"Q. Have you been claiming those lots then under a lease with the Bessers since some time in 1943, or around in there? A. We have never actually had a lease; it has been, you might say, verbal.

"Q. Has there been a verbal agreement with you? A. Yes, a verbal agreement; I believe it is in the I. Besser will. My father-in-law has told me many times that in the case of the death of either one of them the two daughters will receive that property.

"Q. Those two daughters being your wife and Mr. Gordon's wife? A. Yes.

"Q. So you have been occupying and claiming that property under Mr. and Mrs. Besser since 1943? A. Yes.

"Q. And you have been paying rent on it? A. Yes.

"Q. During that time has anybody questioned the ownership of the Bessers as far as you know? A. No, sir.

"Q. Mr. Goodman, I wish you would tell the Court why you need the lots west of Anna Street. In the first place, has your business grown, or not? A. We started in 1943, we started with two trucks and today we have twelve pieces of equipment operating and we have advertised our business more, and it seems like more scrap is coming in from all over the state and we send trucks out to pick it up and have steady routes to send them over."

there are cases from other jurisdictions that shed light on the question. In *Lee* v. *Board of Adjustment*, 226 N. C. 107, 37 S. E. 2d 128, 168 A. L. R. 1,[2] a person holding an option to purchase land was permitted to file application for rezoning. In *Smith* v. *Selligman*, 270 Ky. 69, 109 S. W. 2d 14, a person holding an option to purchase property was allowed to file a petition for rezoning. *In re Elkins Park Improvement Ass'n Zoning case*, 361 Pa. 322, 64 Atl. 2d 783, the Supreme Court of Pennsylvania allowed an equitable owner of property to seek rezoning.

In *Dimitri* v. *Zoning Board*, 61 R. I. 325, 200 Atl. 963, the Supreme Court of Rhode Island remanded a cause in order to allow a party to prove his ownership of the property sought to be rezoned, saying:

"The burden is upon the petitioner to make proper proof of his ownership of or interest in the lot in question, in order that it may clearly appear that he is a party aggrieved by the decision of said board, and that he is entitled to raise the questions he is now asking to have decided in this case."

Likewise, in *Sun Oil Co.* v. *Macauley*, 72 R. I. 206, 49 Atl. 2d 917, the Supreme Court of Rhode Island[3] held Sun Oil Company's petition for rezoning to be insufficient, saying:

"First, the petition does not show that the Sun Oil Company had any title or any clear interest in the land in question. The real owner did not join in the application for a modification of the zoning regulations nor did he otherwise appear before the zoning board to support the application filed by the Sun Oil Company."

In McQuillin "Municipal Corporations", 3rd Ed. Vol. 8, § 25.259, the text states:

"Relative to proper parties to apply or petition to zoning boards for permits, variances, nonconforming

[2] In 168 A. L. R. 13, there is an extensive Annotation on phases of Zoning Variations. See, also, 58 Am. Jur. 1058 on Parties in Zoning Variations.

[3] The decision in the Sun Oil Company case is subsequent to that in *Ralston Purina Co.* v. *Zoning Board*, 64 R. I. 197, 12 Atl. 2d 219, in which the Rhode Island Supreme Court allowed a *Lessee* to seek rezoning under the terms of a particular ordinance there involved.

uses and the like, it has been adjudged that one must have title or a clear legal interest in land to entitle him to apply in his own right to a zoning board for a variance with respect thereto. On the one hand, it has been held that a vendee under a contract to purchase land is not entitled to apply in his own right for a variance in the use of that land. On the other hand, it has been ruled that a vendee under a contract of sale of certain premises is a proper party to apply to a zoning board for a special permit relating to those premises.''

But in all of these reviewed cases, the party seeking rezoning [4] was more than a tenant at will of the property sought to be rezoned. In the case at bar, mere tenants at will instituted this plenary suit in the Chancery Court and sought to show that the City Planning Commission and City Council had acted arbitrarily and unreasonably in refusing a petition for rezoning, when at no stage of the proceedings did the property owners ever become parties to such suit. Our Statute provides that every action must be prosecuted in the name of the real parties in interest. (See § 27-801, Ark. Stats.) Here real estate is involved; and we hold that the owners of the real estate are the real parties in interest, and that the appellees, as mere tenants at will, cannot maintain this suit for rezoning, since the landowners are not parties.

Accordingly, the judgment of the Chancery Court, allowing a rezoning, is reversed, and the cause is remanded with directions to dismiss the complaint.

Mr. Justice MILLWEE not participating.

WARD, J. (dissenting). I am unable, for the reasons hereinafter set forth, to agree with majority opinion in this case.

The majority opinion is based on the ground that appellees have no such interest in the property sought

---

[4] Many cases hold that an adjacent property owner, aggrieved by an order allowing rezoning, may appeal to the Courts as an "aggrieved party". 58 Am. Jur. 1073. See Discussion in Yokley "Zoning Law and Practice", Sec. 170; and see Metzenbaum "The Law of Zoning", page 271 et seq. See, also, Hernreich v. Quinn, 350 Mo. 770, 168 S. W. 2d 1054.

to be re-zoned as to give them standing in court. An analysis of the decisions cited in support of the majority view are not, to me, convincing.

The *Dimitri* case, 200 Atl. 963, makes no mention of the provisions of any zoning ordinance which, here, are important it seems to me. Moreover the court merely held that the petitioner did not prove his ownership or *"interest* in the property." (emphasis supplied). It is important to note that the court, at least by fair implication, did not require absolute ownership.

*Sun Oil* case, 49 Atl. 2d 917. Here, again, the court gave no consideration to the ordinance provisions, and, also again, stated that the petitioner must have title or "some clear *interest"* (emphasis supplied).

The majority of opinion, in a foot note, merely refers to the case of *Ralston Purina Co.* v. *Zoning Board,* 12 Atl. 2d 219, with the comment that it was decided before the *Sun Oil* case, implying that it was thereby overruled. The *Ralston* decision deserves fuller consideration for two reasons: First, it is in point with matter under consideration and sustains my position, and; Second, it has in no way been overruled by the *Sun Oil* or any other decision, as is presently pointed out.

The *Ralston* case was considered by the Supreme Court of Rhode Island on a petition for a writ of *certiorari* by a "petitioner as a person aggrieved by a decision of the zoning board of the town of Westerly" to whom the Board had denied a permit to erect a coal-pocket at an estimated cost of $950. The Supreme Court, in reversing the decision of the zoning board, used this language [12 Atl. 220]:

"It is first urged by those supporting the board's decision that the petitioner, being merely the lessee of the premises upon which the proposed coalbin is to be erected, can not alone, without joining the owners of such property, apply for the building permit in question, or bring the instant petition. We *find nothing in the Westerly zoning ordinance* (emphasis supplied), or in

the enabling acts authorizing its enactment, which specifically or by implication denies the petitioner the right to file an application without joining the owners of the property in question. In our judgment, the petitioner has a sufficient interest in the leased premises to permit it alone to apply for the building permit in question."
The *Sun Oil* decision had under consideration an entirely different zoning ordinance, involved other questions, and did not even mention the *Ralston* case. The citator reveals that the *Ralston* case has been approved but never overruled.

This brings us to a consideration of the decisive question here—the provisions of the Little Rock zoning ordinance. Section 18 of Ordinance 5421 [the one under consideration] reads:

"Appeals: Appeals to the Board may be taken by *any person* aggrieved." ... etc (emphasis supplied).

The same ordinance also provides that any *person* or *persons,* jointly or severally *aggrieved* by any decision of the Board may appeal to the Circuit Court (emphasis supplied).

I submit that if the framers of the ordinance under consideration had meant to limit the right of petition and appeal to property owners they would have used language to that effect. It appears to me that the majority opinion wholly fails to present sufficient reason or precedent to justify the narrow construction it gives to the zoning ordinance in question. Surely, under the undisputed testimony here, appellees were interested persons and surely they were aggrieved. For many years they had occupied the property under a verbal lease from the father-in-law of two of them. In fact the father-in-law had assured them they would eventually own it. After all this suit is concerned only with the *use* of property, and appellees had the exclusive use of this particular property.